UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

GANG CHEN, also known as )
"ANDY CHEN," )
 )
    *Plaintiff*, )
 )
v. ) No. 1:19-cv-00308-TRM-SKL
 )
EDWARD RICE and )
LAVONDA WILLIAMS, )
 )
    *Defendants*. )

## REPORT AND RECOMMENDATION

On November 1, 2019, pro se Defendants Edward Rice and Lavonda Williams filed a "Petition for Removal and Federal Stay of Eviction Pursuant to 28 USC 1441(B)" [Doc. 1], and an application to proceed *in forma pauperis* ("IFP Application") [Doc. 4].[1] For the reasons set forth below, I **RECOMMEND** this matter be remanded to Hamilton County General Sessions Court. I further **RECOMMEND** Defendants' IFP Application be denied as moot, and no filing fee assessed.

Generally, a defendant may remove to federal court any civil action over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). However, federal courts are courts of limited jurisdiction. When presented with a case, federal courts "presume" they lack jurisdiction until the party asserting jurisdiction demonstrates otherwise. *Renne v. Geary*, 501 U.S. 312, 316 (1991) (citing *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 546 (1986)). Further, if at any

---

[1] The IFP Application is not signed by Defendant Rice. This is at least Defendant Williams' second attempt to remove an eviction proceeding brought by another landlord against her to this Court. *See Winston v. Williams*, Case No. 1:18-cv-00210-HSM-CSH (filed Sept. 13, 2018; remanded Oct. 25, 2018).

time the Court determines it lacks subject matter jurisdiction, the Court "must dismiss the action." Fed. R. Civ. P. 12(h)(3). Similarly, when dealing with a removal action, the Court is instructed: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Attached to Defendants' notice of removal is a summons in a detainer action in which Plaintiff Gang "Andy" Chen seeks unpaid rent, damages, attorney fees and costs, and possession of an apartment Defendants are apparently renting from Plaintiff. The summons indicates Defendants owed $750 in rent through August 30, 2019 [Doc. 1-2 at Page ID # 5]. A detainer action is not a "civil action arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Defendants vaguely assert the eviction/collection proceeding violates the Fair Housing Act and the Civil Rights Act, but it is "well settled that federal counterclaims and defenses are 'inadequate to confer federal jurisdiction,'" and they do not "establish an objectively reasonable basis for removal." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914-15 (6th Cir. 2007) (citations omitted). Defendant has not otherwise established "arising under" jurisdiction to permit removal based on a federal question.

Next, the Court must determine whether there is a basis for diversity jurisdiction under 28 U.S.C. §§ 1441 & 1332. Defendants assert Plaintiff is a resident of California, but diversity jurisdiction also requires an amount in controversy that exceeds $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *see also Halsey v. AGCO Corp.*, 755 F. App'x 524, 526-27 (6th Cir. 2018). Defendants do not allege or make any suggestion that the amount in controversy exceeds $75,000, and the detainer summons attached to their notice of removal indicates as of August 30, 2019, Plaintiff only sought $750 in unpaid rent. Even counting any damages, attorney

2

fees, and costs of possession, this matter plainly does not involve anywhere near $75,000 in controversy.

"Dismissal for lack of subject matter jurisdiction is proper where the pleadings themselves reveal to a legal certainty that the plaintiff cannot recover enough to satisfy the required amount in controversy." *Holland v. Lowe's Home Ctrs., Inc.*, No. 98-6169, 198 F.3d 245, 1999 WL 993959, at *1 (6th Cir. Oct. 21, 1999) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Here, as mentioned, there is no federal question, and the amount-in-controversy requirement for diversity jurisdiction is not met; accordingly, the Court lacks subject-matter jurisdiction.

For these reasons, I **RECOMMEND**[2] this matter be remanded to the Hamilton County General Sessions Court, and this federal case be closed. Defendants' IFP motion should be **DENIED AS MOOT**.

ENTER:

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).